IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD LUBER, *
    Plaintiff
                                  *

v.                                                         CIVIL ACTION NO. WMN-13-3351
                                  *

PHILIP CAROOM, *

    Defendant

******

**<u>MEMORANDUM</u>**

      Plaintiff brings this self- represented action against Circuit Court for Anne Arundel County, Maryland Judge Philip Caroom. ECF. No. 1. Plaintiff appears to be indigent and his Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) shall be granted. Upon review of the complaint, the Court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

      Plaintiff complains that he was prevented from personally representing his solely owned corporation FLEET before the Circuit Court for Anne Arundel County. He states that Judge Caroom denied him due process and equal protection in failing to permit him to proceed on behalf of the corporation. ECF No. 1. Plaintiff indicates that Judge Caroom stated, "You may do whatever you think with FLEET" but then days later entered an Order enjoining Plaintiff from instituting any suit against "Attman" on behalf of himself or any corporate entity. It appears that Judge Caroom, in entering the injunction, was intending to give effect to an Order of

1

the United States Bankruptcy Court for the District of Maryland concerning a debt owed "Attman" by Plaintiff or a corporation held by him. *Id*. Plaintiff disagrees with this ruling and baldly alleges that Judge Caroom acted outside of his judicial authority. *Id*.

As Plaintiff is aware, the defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. *Stump v. Sparkman*, 435 U.S. 349 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991), quoting *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983. *Stump*, 435 U.S. at 356. "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits." *Forrester v. White*, 484 U.S. 219, 226 -27 (1988)

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial" and whether at the time the challenged action was taken the

judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id*. at 356-57. A review of Plaintiff's allegations against Judge Caroom does not compel the conclusion that he acted in clear absence of jurisdiction. Rather, Plaintiff's lawsuit is exactly the type of action that the *Pierson* Court recognized as necessitating the doctrine of judicial immunity. In apparent disagreement with the decisions reached at the state court level, this self-represented litigant has turned to this forum to assert allegations of unconstitutional acts against a state court judge. Because immunity precludes plaintiff's recovery, sua sponte dismissal of plaintiff's claims is appropriate.

      A separate Order shall be entered reflecting the ruling set forth herein.


__1/30/2014____                                         _____/s/_____
Date                                                         William M. Nickerson
                                                                Senior United States District Judge